UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

UNITED STATES OF AMERICA    :
    :
    v.    :    No. 5:22-cr-00172
    :
JESSE JAMES VOLKERT,    :
    Defendant    :

_____

**O P I N I O N**
**Motion for Early Termination of Supervised Release, ECF No. 45 - Denied**

**Joseph F. Leeson, Jr.**    **February 6, 2026**
**United States District Judge**

I.    **INTRODUCTION**

Defendant Jesse James Volkert is currently serving a three-year term of supervised release, which is expected to expire on or about May 10, 2027.  He seeks early termination of that remaining supervision time due to his compliance with supervision and integration into society.  The Government and Probation Office oppose his request.  For the reasons stated below, the Court denies the Motion.

II.    **BACKGROUND**

In November 2018, Volkert possessed a long gun and, in July 2020, possessed two additional long guns.  *See* Indict. 4-6, ECF No. 1; Resp. 1, ECF No. 47.  At the time he possessed the three firearms, Volkert had prior felony convictions and knew he was prohibited from possessing firearms.  *See id.*  Volkert pled guilty to three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On September 6, 2023, Volkert was

sentenced to twenty-four (24) months of incarceration,[1] followed by three (3) years of supervised release. *See* Jdgmt 2-3, ECF No. 44. As a condition of supervised release, Volkert was ordered to participate in substance abuse and mental health treatment. *See id.* at 5. He began serving his term of supervised release after release from custody on May 10, 2024. *See* Mot. 4, ECF No. 45.

On December 24, 2025, Volkert filed a Motion for Early Termination of Supervised Release. Volkert asserts that he: (1) has been fully compliant (no supervision issues, violations, or drug use), (2) has a stable residence, works full time, and has completely reintegrated into society thereby posing minimal risk of recidivism, and (3) seeks early termination of his supervised release term so that he may travel unencumbered- to attend Motorcross motorcycle racing events and possibly take advantage of more lucrative job opportunities. *See* Mot. 1, 5. On January 20, 2026, the Government filed a response in opposition. In opposing the Motion, the Government asserts that supervision remains necessary in light of Volkert's long history of committing criminal offenses and inability to remain arrest free for any substantial period. *See* Resp. 6-7 (highlighting also the nature of the offense). The Government disputes the suggestion that Volkert has been hindered by his travel restrictions because he "does not specify a past or future specific motorcross event in which his participation has been hindered by his current supervision," nor does he identify any particular job prospects outside of the district. *See id.* at 2. The Government contends that Volkert's supervising officer Jenna Koch advised that she does not restrict Volkert's ability to attend motorcross events outside the district, which he does monthly, nor has he requested to leave the district for any other purpose. *See id.* Koch also

---

[1]    This sentence was below the Guidelines range of 46 to 57 months, but within the agreed-upon range of 24 to 30 months and consistent with the parties' recommendation of 24 months imprisonment. *See* ECF No. 38.

opposes Volkert's Motion for Early Termination of Supervised Release, based in part on his prior violent felony conviction for Burglary. *See* Mot. 2.

### III. STANDARD OF REVIEW - Early Termination of Supervised Release

After a defendant has served at least one year of supervised release, a district court has the discretion to terminate the remainder of the term "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020). In weighing such a request, a district court must consider the factors set forth in 18 U.S.C. § 3553(a).[2] *See* 18 U.S.C. § 3583(e). "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'" *Melvin*, 978 F.3d at 52-53 (quoting *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003)). The court's level of discretion is "considerable." *United States v. Fattah*, No. 23-1064, 2023 WL 4615300, at *2 (3d Cir. July 19, 2023) (citing *United States v. Sheppard*, 17 F.4th 449, 457 (3d Cir. 2021)).

---

[2] Section 3553(a) directs the court to "impose a sentence sufficient, but not greater than necessary . . .

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). In determining the sentence, the court must consider, *inter alia*: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the kinds of sentences available;" and (3) "the need to avoid unwarranted sentence disparities among [similarly situated] defendants." *Id.*

Effective November 1, 2025, the United States Sentencing Commission released a policy statement clarifying that courts considering requests for early termination should also, in addition to weighing the considerations under § 3583(e)(1), engage in an "individualized assessment of the need for ongoing supervision . . . following consultation with the government and the probation officer." U.S.S.G. § 5D1.4(b). The Commission provided guidance on the same, indicating that courts "may wish to consider" factors relating to the defendant's patterns of behavior thus far on supervision, and the defendant's predicted behavior beyond the period of supervision. *See id.* at cmt. n.1(B).[3]

Courts have before suggested that "early termination of supervised release under § 3583(e)(1) should occur only when the sentencing judge is satisfied that 'new or unforeseen circumstances' warrants it." *See United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018)

---

[3] The Commission gave the following commentary regarding § 3583(e)(1):

When determining whether to terminate the remaining term of supervised release under subsection (b), the court may wish to consider such factors as:
(i) any history of court-reported violations over the term of supervision;
(ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
(iii) the defendant's substantial compliance with all conditions of supervision;
(iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
(v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
(vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

*Id.* at cmt. n.1(B).

(referencing *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  However, the Third Circuit Court of Appeals has made clear that this is not a firm rule or requirement.  *See Melvin*, 978 F.3d at 53 ("disavow[ing] any suggestion that new or unforeseen circumstances must be shown").  "In other words, extraordinary circumstances *may* be sufficient to justify early termination of a term of supervised release, but they are *not necessary* for such termination."  *Id.* (emphasis modified) (citing *United States v. Murray*, 692 F.3d 273, 279 (3d Cir. 2012)).  This is because, where a district court pronounces a sentence that is "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), a defendant's motion for early termination of supervised release leads the court to ask whether "something [has] changed in the interim that would justify an early end to a term of supervised release," *Melvin*, 978 F.3d at 53.

## IV.     ANALYSIS

This Court, after considering the relevant factors under 18 U.S.C. § 3553(a) and making an individualized assessment of the need for ongoing supervision, concludes that early termination of Volkert's supervised release is not warranted.[4]

In considering the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. § 3553(a)(2)(A), this Court focuses on "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1). Volkert's offenses are very serious.

---

[4]     Because the Motion is being denied on its merits and the Government did not raise waiver, this Court will not sua sponte address whether Volkert waived his right to file the instant Motion.  *But see* Plea Agreement ¶ 15, ECF No. 41 ("[T]he defendant agrees that he will not file any . . . motion that challenges the defendant's conviction, sentence, or any other matter relating to this prosecution. . . ."); *United States v. Damon*, 933 F.3d 269, 270 (3d Cir. 2019) (holding that "[b]ecause his plea agreement precludes challenges to his sentence, and because any shortening of his supervision would amount to a change in his sentence," the defendant waived his right to ask the court to "end his term of supervised release a few years early").

He unlawfully possessed three different firearms over a span of several months, knowing he was prohibited from doing so based on prior felony convictions.  His criminal history dates back to 1997 when Volkert was twenty (20) years old.  *See* Presentence Report ("PSR") 7-17.  For the following twenty-seven (27) years,[5] Volkert continued to commit crimes on a regular basis.  *See id.* (listing multiple convictions in 1997, 1999, 2006, 2007, 2008, 2014, 2025, 2018, and 2021).  These crimes included burglary, harassment, numerous theft-related offenses, and ten separate drug distribution and possession cases.  *See id.*  Despite prior terms of incarceration and financial penalties, Volkert continued to violate the terms of his supervision.  *See id.*  Nevertheless, he received a sentence in the above-captioned case significantly below the Guidelines range.  *See* 18 U.S.C. § 3553(a)(4).  If Volkert had received a sentence within the Guidelines range, it is likely that he would still be incarcerated today as his sentence was twenty-two (22) months below the bottom end of the Guidelines range and he was released only twenty (20) months ago. These factors weigh against early termination of supervised release.

As for the need that the sentence "afford adequate deterrence to criminal conduct" and "protect the public from further crimes of the defendant," *see* 18 U.S.C. § 3553(a)(2)(B)-(C), early termination of supervised release would not be consistent with these goals.  As just discussed, Volkert received a sentence well below the Guidelines.  His lengthy criminal history shows that he was not deterred by prior sentences, nor was he deterred by court-imposed supervision conditions.  Volkert therefore has a high risk of recidivism.  This Court recognizes that he has not had any violations to date, but he has been on supervised release for less than two (2) years and had similar spans of good behavior in his criminal history before returning to

---

[5]     Volkert was forty-seven (47) years old when sentenced.

criminal activity.  Terminating supervised release would not deter Volkert or protect the public.[6]

Early termination also would not be consistent with the need for the sentence "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *see* 18 U.S.C. § 3553(a)(2)(D).  Volkert has a long history of substance abuse.  He "reported occasional alcohol consumption with a *significant heroin addiction throughout his life*.  His heroin use began around the age of 17."  *See* PSR ¶ 79 (emphasis added).  Volkert had various drug placements and outpatient treatments between 1999 and 2022 but continued to relapse.  *Id.* ¶¶ 80-83.  Volkert also has mental health issues.  *Id.* ¶ 78; Mot. 5.  Accordingly, substance abuse and mental health treatment are conditions of supervised release.  *See* Jdgmt 5.  Although Volkert purportedly ended his addiction while incarcerated, *see* Mot. 5, relapse remains a concern in light of his thirty (30) year struggle with heroin, *see United States v. Stanley*, No. 11-272, 2023 U.S. Dist. LEXIS 196697, at *7 (W.D. Pa. Nov. 2, 2023) (finding that despite the defendant's success in maintaining sobriety for many years, his heroin addiction is "a battle he will have to continue to fight every day" and his "compliance may reflect that supervision is serving its deterrent and rehabilitative purposes").  Ongoing supervision is necessary to ensure that Volkert remains drug free and to provide treatment.

This Court recognizes that Volkert has been in full compliance with the terms of supervision, has paid his court costs in full, and has maintained employment.  *See* Mot. 2, 4-5.  However, "compliance alone is typically not a sufficient reason to warrant the early termination of supervised release in most cases."  *United States v. Benninghoff*, No. 23-19, 2025 U.S. Dist.

---

[6]    The need "to protect the public from further crimes of the defendant," *see* 18 U.S.C. § 3553(a)(2)(C), further weighs against early termination for the reasons discussed herein regarding Volkert's long history of substance abuse because he admits that "[a]lmost all of [his] criminal history is directly attributable to his substance abuse,"  Mot. 5.

LEXIS 13047, at *3-4 (W.D. Pa. Jan. 24, 2025) (denying the motion for early termination of supervised release). "[T]he fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community." *United States v. Miles*, No. 13-252, 2020 U.S. Dist. LEXIS 150883, at *9 (W.D. Pa. Aug. 20, 2020). Volkert's adjustment to life outside of prison is commendable, but "successes are exactly what supervised release contemplates." *United States v. Boslet*, No. 3:15-12, 2025 U.S. Dist. LEXIS 182515, at *4-5 (W.D. Pa. Sep. 17, 2025). Despite Volkert's suggestion that supervision impedes his ability to travel, to remain gainfully employed, and to seek job advancement, and that "the travel preauthorization process also proves cumbersome to his *vacation* attempts," *see* Mot. 5, 10 (emphasis added), his supervising officer reports that Volkert has not requested to leave the district for any purpose other than attending Motorcross events, which she does not restrict, *see* Resp. 2. Therefore, Volkert has not shown that his conditions of supervision are either too harsh or inappropriately tailored to achieve the goals outlined in § 3553(a).

For all these reasons, this Court remains satisfied that the initial term of supervised release is "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a).

## V.    CONCLUSION

After consideration of the factors in 18 U.S.C. § 3553(a) and an individualized assessment of the need for ongoing supervision, this Court finds that it is not in the interest of justice to terminate Volkert's supervised release early.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge